**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ORLANDO REDD, JR.,

Plaintiff,

v.

DIRECTOR GAIL WATTS, *et al.*,

Defendants.

Civil Action No.: SAG-21-0455

**MEMORANDUM**

Orlando Redd, Jr., self-represented, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Gail Watts, the Director of Baltimore County Detention Center ("BCDC"), PrimeCare Medical, Inc. and Dr. Zowie Barnes ("Medical Defendants"). ECF No. 1. Redd alleges that defendants failed to provide him with adequate protection from COVID-19 and black mold at BCDC. *Id.* at 3-4. He seeks payment for future medical conditions, institutional credit for every day he has been incarcerated, and monetary damages. *Id*. at 5. Redd was housed at BCDC when he filed this action, and has since been transferred to Western Correctional Institution.[1]

Watts and the Medical Defendants have each filed a motion to dismiss or, in the alternative, for summary judgment. ECF Nos. 11, 15. Redd was given an opportunity to respond to each motion and has failed to do so. ECF Nos. 13, 19. No hearing is required. *See* Local Rule 105.6 (D. Md. 2021).

---

[1] *See* https://dpscs.maryland.gov/inmate/search.do?searchType=detail&id=668508766. Last checked August 1, 2022.

For the reasons that follow, the Medical Defendants' unopposed motion shall be granted. Defendant Watts's motion shall be denied without prejudice, based on the failure to provide sufficient information for the court to make a determination.

**Preliminary Motions**

The Medical Defendants filed a motion to seal their motion to dismiss, or in the alternative for summary judgment, and also the accompanying memorandum and exhibits. ECF No. 12. Defendant Watts filed a motion to seal two medical record exhibits filed with the motion to dismiss, or in the alternative, for summary judgment. ECF No. 18.

Local Rule 105.11 governs the sealing of all documents filed in the record and states in relevant part that: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The rule balances the public's general right to inspect and copy judicial records and documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), with competing interests that sometimes outweigh the public's right, *see In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The common-law presumptive right of access can only be rebutted by showing that "countervailing interests heavily outweigh the public interest in access." *Doe v. Pub. Citizen*, 749 F.3d 246, 265- 66 (4th Cir. 2014) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Id.* at 266 (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[S]ensitive medical or personal identification information may be sealed," although not where "the scope of [the] request is too broad." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011).

Defendant Watts's request to seal two exhibits which are Redd's medical records presents a compelling reason and will be granted. The Medical Defendants' request to seal Redd's medical records also presents a compelling reason and will be granted to that extent. However, the Medical Defendants' request to seal their motion to dismiss, or in the alternative for summary judgment, accompanying memorandum of law, proposed orders, and affidavit of Dr. Zowie Barnes, does not warrant sealing and will be denied. Redd has himself made reference to medical matters in his complaint, and they are not sensitive in nature.

**Defendant Watts's Motion**

Defendant Watts submitted a memorandum of law in support of her motion indicating action taken at BCDC to address COVID-19. ECF Nos. 15, 15-1. The memorandum refers to an affidavit by Defendant Watts, identified as Exhibit CC. ECF No. 15-1 at 3. This affidavit was not filed with the court. In addition, the memorandum identifies exhibits by letter, but the submitted exhibits do not contain any letter identifier. ECF No. 15-2 through 15-29. In its present form, the court cannot review the submission as it does not include the referenced affidavit and incorrectly identifies its exhibits.

Defendant Watts's motion is denied without prejudice to the right to file an additional motion with the court if she wishes to move to dismiss or for summary judgment on this claim. Any such motion must include all referenced exhibits, properly indexed as required by Local Rule 105.5, and properly referenced in a memorandum of law, to allow for identification of each exhibit.

The Court will address the Medical Defendants' substantive motion below.

**Factual Background**

Redd filed a complaint dated January 22, 2021. He claims that Defendants failed to take adequate COVID-19 precautions, and also failed to address black mold present at BCDC. ECF No. 1 at 3-4. He states that on December 22, 2020, a "quarantine notice" was put on an inmate's

cell door in his segregated housing unit. *Id.* at 3. On December 24, 2020, this same inmate was let out for recreation, and interacted with Redd and other inmates. *Id.* The inmate remained housed in the unit until December 29, 2020, at which time he was removed and isolated from others. *Id.* Redd believes he was personally put at risk of contracting COVID-19 due to these events. *Id.*

Redd also states that inmates did not receive face masks until September 2020, although face masks were provided to correctional officers in March 2020. *Id.* In addition, inmates transported from intake to housing units, putting him further at risk of infection. *Id.* As of January 4, 2021, Redd had been in restricted housing for 16 days and his unit was still on quarantine after 12 days. *Id.* at 4. He describes improper cleaning of the bathing area, control center door and bannisters. *Id.* Further, there is black mold all over bathing area walls and he is not able to access cleaning supplies. *Id.* Although the conditions have "taken a toll" on his breathing, he was denied "breathing treatments" by correctional staff and PrimeCare because he does not have health problems for breathing "in the data base." *Id.* These poor living conditions were not addressed until an informal complaint was made. *Id.* Redd feels as though his health has been "jeopardized and taken for granted." *Id.*

The Medical Defendants submitted the affidavit of Defendant Dr. Zowie Barnes who has been employed by PrimeCare Medical, Inc. at all relevant times identified in Redd's complaint. ECF No. 11 at 98. Redd's medical records have also been provided for the time period from November 21, 2017 through July 9, 2021. ECF No. 11 at 21-96. Dr. Barnes states that she was involved with treatment of Redd, but was not his exclusive medical provider. *Id.* at 99. Redd did not seek treatment for a breathing problem "of any kind" when he was under her care. *Id.* Further, she has "never prevented" Redd from accessing health services or failed to treat his presented symptoms. *Id.*

Redd's medical records contain minimal information pertaining to COVID-19 and no reference to black mold. *Id.* at 21-96. On January 8, 2021, Redd was offered and refused the COVID-19 vaccination. *Id.* at 62. On June 20, 2021, Redd signed a COVID-19 Pandemic Patient disclosure form. *Id.* at 29. This form states that Redd has not been in contact with someone who has tested positive for COVID-19 and he has not experienced shortness of breath or trouble breathing. *Id.* On July 7, 2021, Redd tested positive for COVID-19. *Id.* at 34. His medical record does not continue past this date. The record up to July 7, 2021 does not indicate that Redd requested breathing treatments at any time. *Id.* at 22-96.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir.

2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The Court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

The Medical Defendants' Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56(a). A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where a plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for a court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; a court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261. Because Defendant filed its motion as a motion to dismiss, or in the alternative, for summary judgment, Redd was on notice that the Court could treat the motion as one for summary judgment and rule on that basis.

## Discussion

Medical Defendants PrimeCare Medical, Inc. and Dr. Zowie Barnes assert that they are entitled to summary judgment because 1) Redd fails to state a claim against Dr. Barnes; 2) Redd fails to adequately allege that any policy, practice, or custom led to a violation of his rights; 3) if the court were to find an official practice or custom, Redd has failed to state a claim for relief; 4) there is no genuine dispute of material fact; and 5) Redd's common law claims fail because he has not complied with the Maryland Health Care Malpractice Claims Act, Md. Code (2020 Repl. Vol), § 3-2A-01 *et seq.* of the Courts and Judicial Proceedings Article. ECF No. 11 at 6-16.

### Medical Constitutional Claim

Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g., Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Graves v. Loi*, 930 F.3d 307, 318-19 (4th Cir. 2019); *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S.

823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

Plaintiff was a pretrial detainee at the relevant time. He asserts that he received inadequate medical care. ECF No. 1. A pretrial detainee's claim of cruel and unusual punishment arises under the Fourteenth Amendment, but courts "have traditionally looked to Eighth Amendment precedents in considering a Fourteenth Amendment claim of deliberate indifference to serious medical needs." *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *DeLonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The protection conferred by the Eighth Amendment imposes on prison officials an affirmative "obligation to take reasonable measures to guarantee the safety of . . . inmates." *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016).

For a plaintiff to prevail in an Eighth Amendment suit as to the denial of adequate medical care, the defendant's actions or inaction must amount to deliberate indifference to a serious medical need. *See Estelle*, 429 U.S. at 106; *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failure to protect inmates from attack, inhumane conditions of confinement, and failure to render medical

assistance. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Hixson v. Moran*, 1 F. 4th 297, 302 (4th Cir. 2021); *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017).

The Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees to receive adequate medical care. *Hill v. Nicodemus*, 979 F.2d 987, 990-91 (4th Cir. 1992); *see also Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (stating, *inter alia*, that if the decedent "was a pretrial detainee rather than a convicted prisoner, then the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care to *detainees* who require it") (emphasis in *Brown*) (internal quotation marks omitted; citation omitted) (citing, *inter alia*, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); and *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

Notably, pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see also Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). And, a prison official violates a detainee's Fourteenth Amendment rights when the official is deliberately indifferent to the detainee's serious medical needs. *See Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause."); *see also Hill*, 979 F.2d at 991 (adopting the standard of "deliberate indifference" with respect to the level of care owed to a pretrial detainee under the Fourteenth Amendment); *Gordon v. Kidd*, 971 F.2d 1087, 1094 (4th Cir. 1992) ("Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainees' rights to due process when they are deliberately indifferent to serious medical needs.") (emphasis added).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" violates the Eighth Amendment and the Fourteenth Amendment. *Farmer*, 511 U.S. at 828; *see Hill*, 979 F.2d at 991. Therefore, a constitutional claim of denial of adequate medical

care, whether lodged under the Eighth Amendment or the Fourteenth Amendment, requires a court to analyze the same issue: whether there was deliberate indifference to a serious medical need. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.") (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer*, 511 U.S. at 834-7 (1994); *see also Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King*, 825 F.3d at 218; *Iko v. Shreve*, 535 F.3d at 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson*, 775 F.3d at 178. "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto*, 841 F.3d at 228 (failure to provide diabetic inmate with insulin where physician acknowledged it was required is evidence of objectively serious medical need). Proof of an objectively serious medical condition, however, does not end the inquiry.

After a serious medical need is established, a successful claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer*, 511 U.S. at 839-40. "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach*

*Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842).

Dr. Barnes

Redd names Dr. Barnes as a Defendant, but provides no allegations indicating any action or inaction taken on the part of Dr. Barnes. Instead Redd complains generally that he requested but was denied "breathing treatments" by PrimeCare because he does not have health problems for breathing "in the data base." ECF No. 1 at 3-4.

The medical records do not show that there were any requests made by Redd to Dr. Barnes, or that Dr. Barnes denied medical care to Redd, regarding breathing difficulties. In fact, the record does not show that Redd complained of breathing difficulties, or requested medical care related to breathing difficulties, when speaking to any medical provider. Instead the record notes that Redd denied shortness of breath or trouble breathing on a COVID-19 Pandemic Patient disclosure form dated June 20, 2021. ECF No. 11 at 29. On July 7, 2021, Redd tested positive for COVID-19, but his medical record does not continue past this date. *Id.* at 34. Redd did not respond to the Medical Defendants' motion or provide any further allegations regarding ongoing medical treatment issues after he filed his January 22, 2021, Complaint.

There is no indication that Redd suffers from a serious medical need pertaining to breathing issues. Further, there is no evidence before this Court that would reasonably support a conclusion that Dr. Barnes denied or interfered with needed medical care for Redd. Accordingly, the Court finds that there is no genuine issue of material fact in dispute and Dr. Barnes is entitled to summary judgment in her favor on the 14th Amendment medical care claim.

PrimeCare Medical

Similarly, because there is no indication that Redd suffers from a serious medical need pertaining to breathing issues, PrimeCare Medical also cannot be held to be deliberately indifferent to that need. Accordingly, the Court finds that there is no genuine issue of material fact in dispute and PrimeCare Medical is entitled to summary judgment on the 14th Amendment claim.[2]

**Medical Negligence Claim**

To the extent that Redd intended to raise a state law medical malpractice claim based on this court's supplemental jurisdiction under 28 U.S.C. § 1367(a), the Medical Defendants contend that the malpractice claim is subject to dismissal because Butler failed to comply with Maryland Health Care Malpractice Claims Act, Md. Code (2020 Repl. Vol), § 3-2A-01 *et seq.* of the Courts and Judicial Proceedings Article.

"When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966). To the extent Redd raises a medical malpractice claim under Maryland law, it will be dismissed, without prejudice.

**Conclusion**

For the foregoing reasons, the Medical Defendants' Motion, construed as a motion for summary judgment, is granted as to the constitutional claim. State law claims against the Medical Defendants are dismissed without prejudice. Defendant Watts's motion is denied without

[2] Because this Court finds that the Medical Defendants are entitled to summary judgment based on Redd's failure to allege deliberate indifference to a serious medical need, this Court will not address their other defenses.

prejudice. Defendant Watts's Motion to Seal is granted. The Medical Defendants' Motion to Seal is granted in part. A separate Order follows.

August 1, 2022
Date

/s/
Stephanie A. Gallagher
United States District Judge